**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESSICA LAMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:20-cv-02634 |
| | ) | |
| IBALL ENTERTAINMENT, INC. d/b/a | ) | |
| CATERING MADE SIMPLE and | ) | |
| GREGORY CHANTHALUSY, | ) | Judge: |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, JESSICA LAMB ("Lamb"), by and through her attorney, Joshua M. Feagans of FEAGANS LAW GROUP, P.C., hereby complains of and against Defendants, IBALL ENTERTAINMENT, INC. d/b/a CATERING MADE SIMPLE ("Iball") and GREGORY CHANTHALUSY ("Chanthalusy"), as follows:

### Summary of the Case

1. This civil action is brought by Lamb who seeks redress for the violations of her rights under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 150/1 et seq. ("IMWL") and the Illinois Wage Payment and Collect Act, 820 ILCS 115/1 et seq. ("IWPA").

### Parties

2. Plaintiff Lamb is an individual that resides in Elgin, Illinois and is a citizen of the State of Illinois.

3. Defendant Iball is an Illinois corporation operating from offices at 1544 Fleetwood Drive, Elgin Illinois and, as such, is a citizen of the State of Illinois.

1

4.     Defendant Chanthalusy is the president of Iball, conducts business in the State of Illinois and resides in Mount Prospect, Illinois and, as such, is a citizen of the State of Illinois.

5.     During the course of her employment with Iball, Lamb handled goods that moved in interstate commerce.

6.     Iball is an "enterprise" as that term is defined by Section 203(r)(1) of the FLSA.

7.     Iball is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

8.     During the last three years, EKOS's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

9.     Iball was Lamb's "employer" as that term is defined by the FLSA, IMWL and IWPA and Lamb was Iball's "employee" as that term is defined by the FLSA, IMWL and IWPA.

**Jurisdiction and Venue**

10.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 28 U.S.C. § 1367.

11.     Venue is proper in this District under 18 U.S.C. § 1391 because a substantial part of the events or omission giving rise to the claim occurred in Elgin, Illinois and because Iball conducts business in this District.

**Factual Background**

12.     On or about June 28, 2017, Lamb and Iball entered into an oral employment agreement by virtue of Lamb's acceptance of Iball's offer to be employed as a catering employee with a wage of $13 per hour (the "Agreement").

13.     Lamb was employed by Iball in Illinois from on or about June 28, 2017 through on or about September 24, 2017.

14.     During the course of Lamb's employment, Iball, and specifically Chanthalusy as Lamb's direct supervisor, directed Lamb to work in excess of 40 hours in individual work weeks and Lamb did customarily work in excess of 40 hours in individual work weeks.  Lamb was neither compensated for all the time she worked, nor was she ever compensated for any time she worked in excess of 40 hours in individual work weeks.

15.     By way of example, Lamb's typical week required her to work, on average, 55 hours per week.

16.     Iball failed to keep records of the hours worked by Lamb.

17.     Lamb was not exempt from the overtime provisions of the FLSA and IMWL.

18.     Lamb worked a total of 12 weeks and 4 days for Iball.  During that time, she accumulated an estimated 691.5 total hours of employment worked.  However, Lamb was only paid a total of $3,944.77 from Iball.  Accordingly, Iball failed to pay Lamb for approximately 388 hours or $5,014.00 in base pay.

19.     Iball never paid Lamb overtime despite Lamb working at least 15 hours of overtime in 12 straight weeks.  Iball owes Lamb overtime pay for 180 hours worked in the amount of $1,170.00.

20.     In addition, Lamb incurred $1,869.13 in expenses for Iball during employment that were promised to be reimbursed, but were never reimbursed.

## Count I – FLSA

21.     The allegations of Paragraphs One through Twenty are realleged as though fully set forth herein.

22.     Under the FLSA, Lamb was entitled to be paid compensation for work performed by her in excess of 40 hours per week.

3

23.     Iball and Chanthalusy failed to compensate Lamb for work performed by her in excess of 40 hours per week.

24.     Upon information and belief, Iball's practices and Chanthalusy's actions with respect to Lamb were not based on the review of any policy or publication of the United States Department of Labor and were done with knowledge of the requirements of the FLSA and therefore were willful and deliberate.

25.     Due to Defendants' violation of the FLSA, Lamb is entitled to recover from Defendants her unpaid compensation, liquated damages, reasonable attorneys' fees and the costs of this action.

WHEREFORE, JESSICA LAMB respectfully requests that judgment be entered in her favor and against IBALL ENTERTAINMENT, INC. d/b/a CATERING MADE SIMPLE and GREGORY CHANTHALUSY for a sum that will properly, adequately and completely compensate her for the nature, extend and duration of her damages, the costs of this action and as follows:

a.     Enter an Order declaring that Defendants willfully violated the overtime provisions of the FLSA;

b.     Award Plaintiff damages in the amount of overtime wages required by the FLSA denied them by Defendant's actions;

c.     Award Plaintiff liquidated damages equate to Plaintiff's unpaid overtime compensation under the FLSA;

d.     Award prejudgment interest;

e.     Award Plaintiff's reasonable attorneys' fees as well as costs of this action; and

f.     Award such other relief as this Court deems necessary and proper.

**Count II-IMWL**

26.     The allegations of Paragraphs One through Twenty are realleged as though fully set forth herein.

27.     Under the IMWL, Lamb was entitled to be paid compensation for work performed by her in excess of 40 hours per week.

28.     Defendants failed to compensate Lamb for work performed by her in excess of 40 hours per week.

29.     Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees.

30.     Due to Defendants' violation of the IMWL, Lamb is entitled to recover from Defendant her unpaid compensation, statutory penalties, reasonable attorneys' fees and the costs of this action.

WHEREFORE, JESSICA LAMB respectfully requests that judgment be entered in her favor and against IBALL ENTERTAINMENT, INC. d/b/a CATERING MADE SIMPLE and GREGORY CHANTHALUSY for a sum that will properly, adequately and completely compensate her for the nature, extend and duration of her damages, the costs of this action and as follows:

a.     A declaratory judgment that Defendants have violated the overtime provisions of the IMWL;

b.     A judgment to Plaintiff in the amount of unpaid overtime;

c.     A judgment to Plaintiff of punitive damages, statutory penalties and pre judgment interest;

d.     A judgment to Plaintiff of reasonable attorneys' fees and costs; and

e.     Award such other relief as this Court deems necessary and proper.

### Count III-IWPA

31.     The allegations of Paragraphs One through Twenty are realleged as though fully set forth herein.

32.     Under the IWPA, Lamb was entitled to be paid compensation for work performed by and reimbursed for any expenses she incurred for Iball during her employment.

33.     Defendants failed to so compensate Lamb.

34.     Due to Defendants' violation of the IWPA, Lamb is entitled to recover from Defendant her unpaid compensation, statutory penalties, reasonable attorneys' fees and the costs of this action.

WHEREFORE, JESSICA LAMB respectfully requests that judgment be entered in her favor and against IBALL ENTERTAINMENT, INC. d/b/a CATERING MADE SIMPLE and GREGORY CHANTHALUSY for a sum that will properly, adequately and completely compensate her for the nature, extend and duration of her damages, the costs of this action and as follows:

a.      A declaratory judgment that Defendants have violated the provisions of the IWPA;

b.      A judgment to Plaintiff in the amount of unpaid compensation and unreimbursed expenses;

c.      A judgment to Plaintiff of punitive damages, statutory penalties and pre judgment interest;

d.      A judgment to Plaintiff of reasonable attorneys' fees and costs; and

e.      Award such other relief as this Court deems necessary and proper.

Respectfully Submitted,

JESSICA LAMB,

By:     /s/ Joshua M. Feagans

One of Her Attorneys

Joshua M. Feagans, Esq. / 6286141
FEAGANS LAW GROUP, P.C.
10 Illinois Street, Suite 110
St. Charles, IL 60174
Phe:    (630) 524-2563
Fax:    (630) 524-9166
E-Mail:  josh@feaganslawgroup.com